UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN D. CLARK, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>CRYSTAL JOHNSON, MINNEHAHA COUNTY, SECOND JUDICIAL CIRCUIT COURTHOUSE, CITY OF SIOUX FALLS,<br><br>Defendants. | 4:16-CV-04025-KES<br><br><br>ORDER DISMISSING CASE |

Plaintiff, Jonathan D. Clark, Sr., is an inmate at Mike Durfee State Prison in Springfield, South Dakota. Plaintiff filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 claiming that defendants violated his constitutional rights. Docket 1.

Clark alleges that his sentence and the way it was decided violated the Double Jeopardy Clause as well as his rights under the Due Process Clause and the Eighth Amendment. Docket 1 at 4-8. He seeks damages to compensate for the additional time he was incarcerated because of these sentencing issues. *Id.* at 9.

The Supreme Court "has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411

U.S. 475, 489 (1973)). If Clark wishes to challenge his sentence in federal court, he must first bring his claims in state court. *See Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994) ("28 U.S.C. § 2254 requires that state prisoners first seek redress in a state forum"). He should also be aware that both federal and state habeas procedures have statutes of limitation. Accordingly, it is

ORDERED that Clark's complaint (Docket 1) is dismissed.

Dated March 21, 2016.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE